UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MICHAEL A. YOUNG, ET AL.,** : | |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | Case No. 3:21cv474(VLB) |
| **NED LAMONT, ET AL.,** : | |
| Defendants. : | |

### RULING AND ORDER

Plaintiffs Michael Young, Brian Hogan and Westly Lopes, initiated this civil action by filing a complaint against seventeen Department of Correction employees, the governor and attorney general of the State of Connecticut, three state court judges, two attorneys and two state court clerks. *See* ECF No. 1 at 1-3, 5.  Plaintiffs neglected to submit either the filing fee or applications to proceed *in forma pauperis* with the complaint.

On April 8, 2021, the court issued Notices of Insufficiency ordering each plaintiff to file an application to proceed *in forma pauperis* or to pay the $402.00 filing fee and informing each plaintiff that if he failed to comply with the Notice within twenty days, the complaint would be dismissed as to any claims asserted by him.  *See* Notices, ECF Nos. 6, 7, 8.  In response, Plaintiff Young filed an application to proceed *in forma pauperis*.  Young has also filed a motion seeking class certification.

For the reasons set forth below, the claims asserted by Plaintiffs Hogan and Westly will be dismissed and Plaintiff Young's motion to proceed *in forma*

*pauperis* and the motion seeking class certification will be denied.

 I. **Plaintiffs Hogan and Lopes**

"In civil actions filed by more than one plaintiff, district courts within the Second Circuit have routinely held that each plaintiff must either submit an application to proceed *in forma pauperis* or pay the filing fee." *Jackson v. Doe Kitchen Manager*, No. 3:18-CV-1884 (VAB), 2020 WL 4569859, at *2 (D. Conn. Aug. 8, 2020) (dismissing claims asserted by two plaintiffs who did not file *in forma pauperis* applications) (collecting cases). Neither Plaintiff Hogan, nor Plaintiff Lopes has filed an application to proceed *in forma pauperis* or paid the filing fee within the time specified in the April 8, 2021 Notices of Insufficiency. Accordingly, the allegations asserted in the complaint by Plaintiff Hogan and by Plaintiff Lopes are dismissed without prejudice. *See* Rule 41(b) Fed. R. Civ. P.

 II. **Plaintiff Young**

Plaintiff Young claims that he is unable to pay the $402.00 fee to commence this civil action due to his indigency. He requests leave to proceed *in forma pauperis* without pre-paying the filing fee.

In 1996, the Prison Litigation Reform Act amended 28 U.S.C. § 1915 by adding the following subsection:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**This provision of section 1915 requires the denial of Plaintiff Young's applications to proceed *in forma pauperis*. On June 4, 2018, this court dismissed a civil action filed by Plaintiff Young with prejudice pursuant to 28 U.S.C. § 1915A. *See Young v. Duncan, et al.*, Case No. 3:18cv357(AWT) (Initial Review Order, ECF No. 7). On August 24, 2018 and on December 21, 2018, the Court of Appeals for the Second Circuit dismissed appeals filed by Plaintiff Young pursuant to 28 U.S.C. § 1915(e) on the ground that the appeals lacked an arguable factual or legal basis. *See Young v. Oliver*, Case No. 17-4011 (Mandate dismissing appeal, Aug. 24, 2018, ECF No. 41); *Young v. Duncan*, Case No. 18-1775 (Mandate dismissing appeal, Dec. 21, 2018, ECF No. 43).**

**Because the three strikes provision applies in this case, Plaintiff Young may not bring the present action without payment of the filing fee absent allegations of "imminent danger of serious physical injury." *See Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) ("indigent three-strikes prisoner [may] proceed IFP in order to obtain a judicial remedy for an imminent danger"). To proceed without prepayment of the filing fee, Plaintiff Young must meet two requirements. He must show that (1) the imminent danger of serious physical injury he alleges is fairly traceable to unlawful conduct alleged in the complaint and (2) that a favorable judicial outcome would redress the injury. *See id.* at 296-97. In addition, the danger of imminent harm must be present at the time the complaint is filed. *See id.* at 296.**

**Plaintiffs filed this action as a Petition for Writ of Mandamus and a Civil**

3

Rights Complaint to pursuant 18 U.S.C. §§ 1964, 3626, 28 U.S.C. §§ 1331, 1651, 42 U.S.C. §§ 1985, 1997.  It is evident from the handwriting in Plaintiff Young's motion to proceed *in forma pauperis* as well as in many of the exhibits filed in support of the complaint, that Young drafted the complaint in its entirety.  *See* ECF Nos. 1, 1-2, 9-1, 11.  Because of Young's use of certain phrases, words and punctuation, it is difficult to discern the basis of his claims.

The following allegations and information pertaining to the confinement of Plaintiff Young at Carl Robinson from December 2020 to March 2021 are included in the complaint:  Plaintiff Young filed a state habeas petition in January 2021 to challenge his 2011 state court conviction and sentence, in March 2021, Plaintiff Young submitted multiple requests to be provided a bottom bunk pass, on several occasions prison officials interfered with Plaintiff Young's legal mail pertaining to his recently filed state habeas petition, in October and November 2020, the Chief Operating Officer of Health Services for the Department of Correction issued a Memorandum regarding the use of COVID-19 Antigen Rapid test kits on symptomatic and other inmates, in February 2021, prison officials at Carl Robinson issued a Notice regarding the laundering of inmate face masks, on February 24, 2021, prison officials at Carl Robinson placed Plaintiff Young in a recovery unit after the medical department received a positive COVID-19 test result for Young, and on March 9, 2021, prison officials transferred Young back to a cell in general population.[1]  *See* ECF No. 1 at 6-19.

---

[1] Young lists the date of his return to his prior housing unit in general population as 4/9/21.  Given that the complaint is dated April 5, 2021 and an Inmate Request

4

Plaintiff Young seeks various forms of injunctive relief, "statutory, 'MONETARY,' compensatory, punitive 'DAMAGES,'" and unspecified "declaratory 'JUDGMENTS'" for claims arising out of these unrelated incidents. *Id.* at 21. The requests for injunctive relief include an order preventing judges, clerks, appointed counsel, prison officials and the state police from denying Plaintiff Young meaningful access to courts and from harassing and retaliating against Plaintiff Young; an order directing prison officials at Carl Robinson to preserve video footage from December 31, 2020 until April 2021; and an order to release Plaintiff Young while the action is pending. *Id.* Plaintiff Young also request that the Court reopen three federal cases filed by him, two cases filed by other inmates and the class action lawsuit, *McPherson, et al. v. Lamont*, *et al.*, Case No. 3:20cv534(JBA). *Id.*

With regard to the allegation that Plaintiff Young tested positive for COVID-19 on or about February 24, 2021, Young does not assert facts to suggest that he experienced any symptoms that are typically associated with contracting the virus. *See* ECF No. 1 at 13 ¶ 35. In fact, Young did not believe that he had tested positive for the virus and requested to verify the test results. *Id.* ¶ 40. He asserts that he remained in a separate housing unit for those inmates who had tested positive for fourteen days and then returned to his housing unit, Unit 5-B, in general population on March 9, 2021. *Id.* at 14 ¶ 42. He does not allege that he

---

submitted by Young to prison officials at Carl Robinson on March 10, 2021 references Unit 5-B as his housing, which was the unit that he was confined in prior to his transfer to the COVID-19 unit, it is apparent that Young mistakenly listed the date of his return to general population as April 9, 2021 rather than March 9, 2021. *Id.* at 14- 15 ¶¶ 42, 46; Ex.

5

required medical treatment for COVID-19 related symptoms during his confinement in the isolation unit or that he experienced symptoms after his return to general population. Nor does he allege that he suffers from any underlying medical conditions that might place him in a high-risk category or make him more susceptible to contracting COVID-19. Moreover, Young asserts that on March 27, 2021, medical providers at Carl Robinson offered him the COVID-19 vaccine. Id. ¶ 41. The facts as alleged regarding Plaintiff Young's prior positive COVID-19 test in February 2021 and recovery from that positive result without experiencing any symptoms of the virus do not suggest that he was in imminent danger of contracting COVID-19 when he filed this action on April 5, 2021. *See, e.g.*, *Jumpp v. Keegan*, 3:20cv1477 (KAD), 2020 WL 6383165, *2 (D. Conn. Oct. 30, 2020) (Plaintiff's allegations that "incarceration exposes him to COVID-19, which in turn poses a danger to him because of his health conditions.... fail to raise an inference that he is in imminent danger of contracting COVID-19 or that he is particularly vulnerable to the virus and its effects.").

The Court concludes that neither the facts asserted in the complaint, nor the nature of the relief sought, nor the information in the many pages of exhibits filed in support of the complaint suggest that Plaintiff Young was in imminent danger of serious physical harm or injury at the time that he filed this action. Furthermore, the Court cannot discern any imminent danger of harm that is "fairly traceable" to the conduct that is described in the complaint or the relief sought. Thus, Plaintiff Young has not met the imminent harm exception to the

U, ECF No. 9-1, at 14.                              6

three strikes provision set forth in 28 U.S.C. § 1915(g) and his application to proceed *in forma pauperis* is denied.

Conclusion

The claims asserted in the Complaint, [ECF No. 1], by Plaintiff Brian Hogan and Plaintiff Westly Lopes are DISMISSED without prejudice under Fed. R. Civ. P. 41(b) for failure to either pay the filing fee or file an application to proceed *in forma pauperis*.

Plaintiff Young's Motion to Proceed *In Forma Pauperis*, [ECF No. 11] is DENIED pursuant to 28 U.S.C. § 1915(g).

In view of the dismissal of all claims asserted by Plaintiffs Hogan and Lopes and the denial of Plaintiff Young's motion to proceed *in forma pauperis*, the Motion for Class Certification, [ECF No. 17], is DENIED.  Plaintiff Young cannot proceed on behalf of anyone other than himself.  See *Barnes v. Ross*, 926 F. Supp. 2d 499, 505 (S.D.N.Y. 2013) (citing to *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000)).

All further proceedings in this matter shall be held in abeyance for twenty one (21) days pending Plaintiff Young's delivery of the filing fee in the amount of $402.00 (cash, money order, or bank or cashier's check made payable to the Clerk, U.S. District Court) to the Clerk's Office, 450 Main Street, Hartford, Connecticut, 06103.

If Plaintiff Young fails to tender the filing fee within twenty one (21) days from the date of this order, the Court will dismiss the claims asserted by Plaintiff

**Young without prejudice and direct the Clerk to close the case. Plaintiff may move to reopen the case upon a showing of good cause within thirty five (35) days after it is closed, after which the dismissal will be converted to a dismissal with prejudice.**

        **SO ORDERED at Hartford, Connecticut this 27th day of July, 2021.**

                                                            \_\_\_\_/s/_____
                                                             **Vanessa L. Bryant**
                                                             **United States District Judge**